**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ISAIAH SMITH,**
        **Petitioner-defendant,**

   **v.**　　　　　　　　　　　　　　　**2255 Case No. 13-C-0458**
　　　　　　　　　　　　　　　　　　　　**Criminal Case No. 08-CR-89**

**UNITED STATES OF AMERICA**
        **Respondent-plaintiff.**

---

### RULE 4 ORDER

On June 1, 2009, petitioner Isaiah Smith pleaded guilty to distribution of 50 grams or more of crack cocaine, and on December 22, 2009, I sentenced him to 120 months in prison, the mandatory minimum term then required by statute and the low end of his guideline range of 120-150 months. The Seventh Circuit dismissed his direct appeal of the sentence as frivolous. United States v. Smith, 403 Fed. Appx. 90 (7th Cir. 2010).

On February 24, 2012, petitioner moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act ("FSA") of 2010, which increased the amount of crack needed to trigger the 10 year statutory mandatory minimum from 50 grams to 280 grams. I denied the motion because the FSA does not apply retroactively to offenders, like petitioner, sentenced prior to its August 3, 2010 enactment. United States v. Bell, 624 F.3d 803 (7th Cir. 2010). I noted that the guideline amendments adopted by the Sentencing Commission in response to the FSA are retroactive, see U.S.S.G. § 1B1.10(c) (amendment 750), but those amendments could not help petitioner because he remained subject to the 10 year minimum. See U.S.S.G. § 1B1.10 cmt. n.1(A).

On March 6, 2013, petitioner filed a second motion for modification or reduction of sentence pursuant to § 3582(c)(2), this time citing amendments 706 and 711 to the sentencing guidelines. Those amendments went into effect on November 1, 2007 (and were made retroactive effective March 3, 2008), see United States v. Redd, 630 F.3d 649, 650 (7th Cir. 2011), before I sentenced petitioner on December 22, 2009. Thus, they could not have the effect of lowering his range. I noted that to the extent petitioner's pro se motion could be liberally construed to appeal to the FSA amendments that went into effect after his sentencing, the mandatory minimum still blocked relief. United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013) (citing United States v. Robinson, 697 F.3d 443 (7th Cir. 2012)); see also Redd, 630 F.3d at 651 (indicating that § 3582(c)(2) does not permit "more than one opportunity to request a lower sentence, for any given change in the Guideline range"). Because I lacked authority to lower his sentence, I denied petitioner's motion.

Petitioner has now filed a motion under 28 U.S.C. § 2255, seeking a lower sentence under Dorsey v. United States, 132 S. Ct. 2321 (2012). Dorsey held that the FSA's new, more lenient penalties apply to those crack cocaine offenders whose crimes preceded the effective date of the Act (August 3, 2010) but who were sentenced after that date. Because Dorsey does not apply, I deny the motion and dismiss this collateral attack.

**I.**

Section 2255 permits a federal prisoner to attack his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under this statute "is an extraordinary remedy because it asks the district court

2

essentially to reopen the criminal process to a person who already has had an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). The petitioner must demonstrate an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004).

The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

**II.**

Courts have concluded that § 2255 may be used by defendants sentenced after August 3, 2010 to bring Dorsey claims. See, e.g., United States v. Wilson, No. 1:10-CR-10, 2013 WL 1775536 (N.D. Ind. Apr. 24, 2013); Ricks v. United States, No. 12-CV-2313, 2013 WL 1635841 (C.D. Ill. Apr. 16, 2013); United States v. Floore, No. 09-CR-30191, 2012 WL 4739913 (S.D. Ill. Oct. 3, 2012). However, petitioner was sentenced in December 2009, so Dorsey cannot help him. See Robinson, 697 F.3d at 445 (stating that "Dorsey carefully confined its application of the Fair Sentencing Act to pre-Act offenders who were sentenced after the Act"). Courts have declined to permit offenders sentenced prior to August 3, 2010 to obtain § 2255 relief under Dorsey. See, e.g., United States v. Snow, No. 12-4160, 2013 WL 440719, at *2 (10th Cir. Feb. 6, 2013); Callen v. United States, No. 09-0068, 2013 WL 1776097, at *4 (S.D. Ala. Apr. 3, 2013), adopted, 2013 WL 1776272 (S.D. Ala. Apr 25, 2013); United States v. Ross, No. 3:09-714, 2013 WL 1303048, at *6 (D.S.C. Mar. 28, 2013); Ingram v. United States, No. 12 CIV

3

7243, 2012 WL 6700193, at *3 (S.D.N.Y. Dec. 26, 2012); United States v. Jeanpierre, No. 07CR439(6), 2012 WL 4898182, at *2 (D. Minn. Oct. 16, 2012); Lamar v. United States, No. 2:10cv898, 2012 WL 5869086, at *2 (M.D. Ala. Oct. 11, 2012), adopted, 2012 WL 5869111 (M.D. Ala. Nov 19, 2012); Mosby v. United States, No. 4:12CV1628, 2012 WL 4058370, at *2 (E.D. Mo. Sept. 14, 2012). Petitioner cites no authority to the contrary, nor does he provide any other other reason for vacating his sentence under § 2255.

**III.**

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge